UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

EDWARD MAZUR, JR.,

                        Plaintiff,              05-CV-0910

            v.                                  **DECISION
                                                and ORDER**

MICHAEL J. ASTRUE[1], Commissioner
of Social Security

                        Defendant.

_____


### INTRODUCTION

Plaintiff Edward Mazur Jr. ("Plaintiff") brings this action
pursuant to the Social Security Act § 216(i) and § 223, seeking
review of a final decision of the Commissioner of Social Security
("Commissioner"), denying his application for Disability Insurance
Benefits.[2] Specifically, Plaintiff alleges that the decision of the
Administrative Law Judge ("ALJ") William R. Pietz denying his
application for benefits was against the weight of substantial
evidence contained in the record and contrary to applicable legal
standards.

The Commissioner moves for judgment on the pleadings pursuant
to Fed. R. Civ. P. 12(c)("Rule 12(c)"), on grounds that the ALJ's

---

[1] Michael J. Astrue became the Commissioner of Social Security on February 12,
2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure,
Michael J. Astrue is substituted for his predecessor Commissioner JoAnne B.
Barnhart as the proper defendant in this suit.

[2] This case was transferred to the undersigned by the Honorable Richard J.
Arcara, Chief Judge, United States District Court for the Western District of
New York by Order dated July 24, 2007.

decision was supported by substantial evidence. Plaintiff opposes the Commissioner's motion, and cross-moves for judgment on the pleadings, on grounds that the Commissioner's decision was erroneous. The Court finds that the decision of the Commissioner for the reasons set forth below, is supported by substantial evidence, and is in accordance with applicable law and therefore the Commissioner's motion for judgment on the pleadings is hereby granted.

**BACKGROUND**

On September 3, 2003, Plaintiff, at that time a 63 year-old machine cleaner, filed an application for Disability Insurance Benefits under title II, § 216(i) and § 223 of the Social Security Act ("the Act") claiming a disability since April 1, 2002, due to diabetes mellitus, obesity and fatigue.[3] Plaintiff's application was denied by the Social Security Administration ("the administration") initially on October 22, 2003. Plaintiff filed a timely request for hearing on November 26, 2003.

Thereafter, Plaintiff appeared, with counsel, at an administrative hearing before ALJ William R. Pietz on May 9, 2005. In a decision dated May 25, 2005, the ALJ determined that the Plaintiff was not disabled. The ALJ's decision became the final decision of the Commissioner when the Social Security Appeals

---

[3] This Court notes that the ALJ incorrectly refers to Plaintiff's alleged onset date as June 30, 2002. Although, in his application, Plaintiff alleged that he was disabled as of June 30, 2002, he amended his application to state that he was disabled since April 1, 2002.

Council denied Plaintiff's request for review on December 8, 2005.
On December 30, 2005, Plaintiff filed this action.

**DISCUSSION**

I.    **Jurisdiction and Scope of Review**

42 U.S.C. § 405(g) grants jurisdiction to district courts to
hear claims based on the denial of Social Security benefits.
Additionally, the section directs that when considering such a
claim, the Court must accept the findings of fact made by the
Commissioner, provided that such findings are supported by
substantial evidence in the record. Substantial evidence is defined
as, "such relevant evidence as a reasonable mind might accept as
adequate to support a conclusion." Consolidated Edison Co. v. NLRB,
305 U.S. 197, 217 (1938). Section 405(g) thus limits the Court's
scope of review to determining whether or not the Commissioner's
findings were supported by substantial evidence. See, Monqeur v.
Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that a
reviewing Court does not try a benefits case de novo). The Court is
also authorized to review the legal standards employed by the
Commissioner in evaluating Plaintiff's claim.

The Court must "scrutinize the record in its entirety to
determine the reasonableness of the decision reached." Lynn v.
Schweiker, 565 F. Supp. 265, 267 (S.D. Tex. 1983) (citation
omitted). The Commissioner asserts that his decision was reasonable
and is supported by the evidence in the record, and moves for

Page -3-

judgment on the pleadings pursuant to Rule 12(c). Judgment on the

pleadings may be granted under Rule 12(c) where the material facts

are undisputed and where judgment on the merits is possible merely

by considering the contents of the pleadings. <u>Sellers v. M.C. Floor</u>

<u>Crafters, Inc.</u>, 842 F.2d 639 (2d Cir. 1988). If, after a review of

the pleadings, the Court is convinced that Plaintiff can prove no

set of facts in support of his claim which would entitle him to

relief, judgment on the pleadings may be appropriate. <u>See</u> <u>Conley v.</u>

<u>Gibson</u>, 355 U.S. 41, 45-46 (1957).

**II.   The Commissioner's decision to deny the Plaintiff benefits was**
**supported by substantial evidence in the record.**

The ALJ in his decision found that Plaintiff was not disabled

within the meaning of the Social Security Act. In doing so, the ALJ

adhered to the Social Security Administration's 5-Step sequential

evaluation analysis for evaluating appointments for disability

benefits. <u>See</u> 20 C.F.R. § 404.1520.[4] Under Step 1 of the process,

the ALJ found that Plaintiff had not engaged in substantial gainful

activity since his alleged onset of disability. (Transcript of

Administrative Proceedings at pages 41, 45) (hereinafter "T."). At

Steps 2 and 3, the ALJ concluded that Plaintiff's impairments, such

---

[4]Five-step analysis includes: (1) ALJ considers whether claimant is currently
engaged in substantial gainful activity; (2) if not, ALJ considers whether
claimant has severe impairment which significantly limits his physical or
mental ability to do basic work activities; (3) if claimant suffers such
impairment, third inquiry is whether, based solely on medical evidence,
claimant has impairment which is listed in regulations Appendix 1, and if so,
claimant will be considered disabled without considering vocational factors;
(4) if claimant does not have listed impairment, fourth inquiry is whether,
despite claimant's severe impairment, he has residual functional capacity to
perform his past work; and (5) if claimant is unable to perform past work, ALJ
determines whether claimant could perform other work. <u>See</u> <u>id.</u>

as, diabetes mellitus resulting in neuropathy, degenerative disc disease, arthritis, depression, anxiety and obesity, were severe within the meaning of the Regulations but were not severe enough to meet or equal, either singly or in combination, any of the impairments listed in Appendix 1, Subpart P of Regulations No. 4. (T. at 42, 45).

Further, at Steps 4 and 5, the ALJ concluded that Plaintiff retained the residual functioning capacity to perform the physical requirements of medium work, which is defined as the ability to lift and carry up to 50 pounds occasionally and to stand or walk for at least six hours a day. (T. at 43, 45). Moreover, the ALJ found that Plaintiff was capable of performing his past relevant work as a machine cleaner, because it did not require the performance of work-related activities that were precluded by Plaintiff's residual functioning capacity. (T. at 44, 45). In order to serve the interests of justice and judicial economy, the ALJ also relied on alternative findings. (T. at 19-20). The ALJ found that, "even if [Plaintiff] was unable to perform his past relevant work, the vocational expert said that [Plaintiff] could perform work as a hand packager (of which there are 122,000 jobs in the national economy and 900 jobs in Western New York)." (T. at 45).

Based on the entire record, and including the medical evidence in the record, I find that the ALJ properly concluded that

Plaintiff was not disabled within the meaning of the Social Security Act.

   A. **<u>The ALJ's decision is supported by the medical evidence in the record.</u>**

   The ALJ determined that Plaintiff's diabetes and resulting impairments did not prevent him from performing medium-level work. (T. at 43, 45). Plaintiff argues that "there is no [medical] opinion of any kind to support the ALJ's finding the Plaintiff could perform medium work." (Pl. Br. at 18). However, I find that the ALJ's decision was supported by substantial medical evidence in the record.

   The medical record shows that none of Plaintiff's treating doctors precluded him from performing medium work activity. In fact, Plaintiffs' physicians stated that Plaintiff should increase his exercise regime and that it was essential for Plaintiff to actively lose weight. (T. at 234, 242). Additionally, the record shows that despite Plaintiff's history of diabetes mellitus, his blood sugar was consistently noted to be controlled. (T. at 261-65, 296-97). Moreover, although Plaintiff had complaints regarding osteoarthritis and pain in his abdomen, the medical tests revealed no edema or tenderness. Plaintiff's April 2002, CT scan showed that Plaintiff's upper abdomen showed no evidence of pancreatic disease, and Dr. Daniel McMahon found that the lung bases were unremarkable. (T. at 217). Further, a June 2002, MRI showed that Plaintiff's thoracic spine had only mild dorsal osteoarthritis and spondylosis,

with no evidence of focal disc herniation, significant canal stenosis, cord compression, or cord abnormality. (T. at 213).

Although no treating or examining physician articulated Plaintiff's residual functioning capacity, the ALJ properly considered the evidence as a whole because, the ALJ "is entitled to rely not only on what the record says but what the record does not say." Dumas v. Schweiker, 712 F.2d 1545, 1553 (2d Cir. 1983). There is nothing in the medical record that suggests that Plaintiff was unable to perform a medium-level of work. Even though Plaintiff claimed that he was unable to walk, lift, or reach overhead due to pain on his side and hips, Plaintiff's physicians consistently encouraged him to exercise and did not limit his ability to work in any way. (See Plaintiff's testimony at 61, Dr. George Matthew's opinion at 242, Dr. Marvin Galler's opinion at 323).

**B. An impairment that can be reasonably controlled by treatment or medication is not disabling.**

The medical record states that Plaintiff was non-compliant with his physicians' recommendations regarding treatment for his diabetes and associated obesity, and the ALJ found that "[Plaintiff] has sometimes chosen to ignore [doctors'] warnings and has defiantly stated that he refuses to lose weight." (T. at 43). Plaintiff's own testimony reveals that he did not check his blood sugar as frequently as his doctors ordered, and refused to participate in diabetes education suggested by his physicians. (T. at 21-22, 173, 256). Plaintiff also admitted that he consumed a

diet high in fat and sugar, and did not wish to modify his diet despite being told by his physicians that his excessive weight was making his condition worse. (T. at 173-75, 236).

Additionally, Plaintiff's daily activities were inconsistent with his allegations of pain and fatigue. Plaintiff reported to his physicians that he had no chest discomfort, orthopnea or peripheral edema. (T. at 236). Plaintiff also admitted to performing household chores such as lawn mowing. (T. at 241). Further, Plaintiff indicated that he went out to eat at restaurants about three times per week. (T. at 195). I find that Plaintiff's ability to perform such daily activities is inconsistent with Plaintiff's allegation that he cannot perform medium work.

The ALJ correctly concluded that, Plaintiff "selectively refuses to comply with treatment recommendations and does not have good cause for such non-compliance." (T. at 42). The Social Security Regulations provide that a Plaintiff may be found "not disabled" if without good cause, he chooses to be non-compliant with treatment recommendations. 20 C.F.R. §404.1530. In light of the objective medical evidence and Plaintiff's subjective complaints, I find that the ALJ was correct in finding Plaintiff not disabled within the meaning of the Social Security Act which is supported by substantial evidence in the record.

**CONCLUSION**

For the reasons set forth above, I grant Commissioner's motion for judgment on the pleadings. Plaintiff's motion for judgment on the pleadings is denied, and Plaintiff's complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.


S/Michael A. Telesca

_____

MICHAEL A. TELESCA
United States District Judge


Dated:    Rochester, New York
          July 31, 2007